JOHN TRAMMELL, administrator, plaintiff in error, vs. JAMES HEMPHILL and WILLIAM MONTGOMERY, defendants in error.

It is sufficient, to prove the *substance* of the testimony of a deceased witness.

Ejectment, from Floyd county.    Tried before Judge HAMMOND, at August Term, 1858.

Jehial Jackson, of Habersham county, was the drawer of lot of land No. 411, of the third district and fourth section, originally Cherokee county, to whom a grant issued. He died in 1834, in Habersham county, without ever going in possession of said land. No administration on his estate was taken out, until recently, when letters were applied for and granted to John Trammell, who commenced an action of ejectment against James Hemphill, for the recovery of said land. Hemphill filed his bill to enjoin said action at law, and alleged that he purchased said land at Sheriff's sale, when the same was sold under an execution in favor of one Westmoreland, against Jackson, and which was issued in Jackson's lifetime, and that he has been in the peaceable possession of the same more than seven years, and has made valuable improvements, and that he has sold the same to William Montgomery, (who is also a complainant in this bill;) that Jackson at the time of his death was poor, and that there are no creditors of his estate, and if ever there were any, their claims have been long since barred by the statute of limitations; and charges that Trammell is prosecuting the action of ejectment, and is seeking to recover said land for his own benefit, and that of Westmoreland, and not for the heirs at law of Jackson.

Trammell answered, that Jackson was the drawer of said lot and did die in 1834, intestate; that he has no personal knowledge of the manner in which Hemphill became the purchaser of said land, but that he has been informed and

believes that it was as follows: that Westmoreland, had an execution against one Enoch Slatton, principal, and the said Jehial Jackson as security, which execution was in Jackson's possession at the time of his death ; after his death, his family removed to Westmoreland's, he being a relative, and took with them there, all his effects, including his papers, and Westmoreland thus (it is presumed) got possession of the *fi. fa.*; that he afterwards visited the land in Floyd county, and returned home informing Jackson's family that he had not been able to make any arrangement about it.

Some time after this, the oldest son of Jackson, the family being in great need and destitution, went to Floyd county, to see if he could make some disposition of the land, when he found Hemphill in possession, and the lot a very valuable one in Vann's Valley ; that defendant is informed and believes, that Westmoreland sold the land to Hemphill for a hundred and fifty dollars, and agreed to have the same sold at Sheriff sale under the old execution aforesaid, which was done, and at said sale it was publicly stated by Hemphill, that he had bought the land from the true owner, and was only having it sold to perfect titles, and he thereby kept others from bidding, and purchased the land at said sale at a mere nominal price ; and defendant charges that thus by a fraudulent combination between Westmoreland and Hemphill, said land was sold, and that Hemphill knew at the time, that said execution had been paid off by Jackson, the security, and that Westmoreland had no right to the same, or to its control.

The case was submitted to the jury upon the pleadings, proofs, and charge of the Court,[a] who found for the defendant in ejectment.

Whereupon, counsel for plaintiff moved for a new trial, on the following grounds :

1st. Because the verdict is against law and evidence.

2d. Because the verdict is decidedly against the weight of evidence.

3d. Because the verdict is contrary to the charge of the Court, in this: The Court charged that if Hemphill, at the sale made by the Sheriff, said or procured another to say, anything that prevented others from bidding for the land, then his purchase was fraudulent and void, and they ought to find for the plaintiff.

4th. Because the Court erred in refusing to permit Andrew J. Hansell, Esq., to prove that William Smith, the Sheriff, who sold the land, testified on a former trial of this case, that at the sale, Thornton Harper was present and told him, Smith, that he intended to bid for the land and would give two hundred dollars for it, but that in consequence of a statement made by him, Smith, at Hemphill's request, that he, Hemphill, had bought the land and paid for it, and was only selling it to perfect titles, Harper would not bid for the land.

5th. Because the Court erred in charging the jury, that the execution being found among the papers of Jehial Jackson, the intestate, after his death, was not even *prima facie* evidence of its payment.

The Court overruled all the grounds and refused the motion for a new trial, and plaintiff excepted.

W. Akin; and D. Mitchell, for plaintiff in error.

Underwood & Smith, *contra.*

*By the Court.*—Benning J. delivering the opinion.

The question is, was the Court right, in overruling the motion for a new trial.

The fourth ground of the motion was, we think, good. The exclusion of the testimony of A. J. Hansell, was put on the ground, that he could not give the very words of the deceased witness, Smith, although he could give their substance. We think it sufficient, in such a case, that a witness can give the substance of the words. Few persons have

memories to enable them, to give the exact words; and when a person professes to do that, he subjects himself to some degree of suspicion.   If the substance is not receivable, it is plain, that the evidence, in most of the cases, will be wholly lost.   No law was read to show, that the very words must be given.

This, then, was a ground on which, the motion, we think, should have been granted.

The last ground is not true in fact—as we understand the bill of exceptions.   The Court certainly told the jury, that the fact that the *fi. fa.* was in the possession of Jehial Jackson, the defendant in it, "might be used as a circumstance for the consideration of the jury," on the question, whether the *fi.fa.* had not been satisfied.

It is unnecessary to consider the other grounds.

Judgment reversed and new trial granted.